**SARAH AMES BENEDICT, OSB #132675**
sarahbenedict@dwt.com
**PAULA L. LEHMANN (*pro hac vice*)**
paulalehmann@dwt.com
**KATHRYN S. ROSEN (*pro hac vice*)**
katierosen@dwt.com
**DEVIN SMITH (*pro hac vice pending*)**
devinsmith@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Attorneys for Defendant CommonSpirit Health

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **LARAE ERNST, JENNIFER NAJERA, and AMANDA SMITH, and DANIEL SOKOL,**<br><br>　　　　　　**PLAINTIFFS,**<br><br>　v.<br><br>**COMMONSPIRIT HEALTH,**<br><br>　　　　　　**DEFENDANT**. | **Case No: 6:23-cv-00580-MK**<br><br>**DEFENDANT COMMONSPIRIT HEALTH'S ANSWER TO FIRST AMENDED COMPLAINT** |

For its Answer to Plaintiffs' First Amended Complaint, Defendant CommonSpirit Health

("Defendant") admits, denies and alleges as follows:

Page 1 – DEFENDANT COMMONSPIRIT HEALTH'S ANSWER TO FIRST AMENDED COMPLAINT

## I.    ANSWER

## SUMMARY STATEMENT

1.    Plaintiffs LaRae Ernst, Jennifer Najera, Amanda Smith, and Daniel Sokol (collectively "Plaintiffs") bring this action on behalf of themselves and all similarly situated current and former employees of CommonSpirit Health.  In October 2022, an IT outage resulted in CommonSpirit Health paying wages based on estimates of hours worked rather than actual hours worked.  When CommonSpirit Health realized it may have overpaid some employees, it knowingly and without their permission withheld wages from employees' paychecks to reimburse itself for the possible overpayments.  The amounts claimed to be overpaid were estimates only and have not been verified.  Further, the unauthorized withholdings violated the requirements of Oregon wage laws.  For these and other reasons alleged herein, Plaintiffs seek a Court order awarding unpaid wages, late payment penalty wages, statutory penalties, interest on all amounts owed, and attorney fees and litigation costs.  Plaintiffs further seek equitable relief and an accounting of all wages withheld since October 2022.

**ANSWER:**

Defendant CommonSpirit Health does not employ individuals in the putative class in the State of Oregon.  Answering further, Defendant admits that its wholly-owned subsidiaries, Mercy Medical Center, Inc. ("Mercy") and St. Anthony Hospital ("St. Anthony") employ people in Oregon.  Defendant admits that Mercy and St. Anthony employ individuals in Oregon, that their employees are paid periodic wages, and there was an unforeseen IT attack that temporarily disrupted payroll functions in October 2022.  Defendant further admits that Mercy and St. Anthony paid employees based on estimates, and then made adjustments to a small group of employees to correct the October payroll that was impacted by the October 2022 IT attack.  The remaining allegations set forth in the remainder of Paragraph 1 state legal conclusions to which responsive pleading is not required.  To the extent a response is necessary, Defendant denies the allegations, including without limitation that any acts giving rise to liability occurred and/or that Defendant

Page 2 – DEFENDANT COMMONSPIRIT HEALTH'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

violated Oregon law.  Except as specifically admitted, the allegations in Paragraph 1 are denied.

## PARTIES

2.      Defendant CommonSpirit Health ("Defendant") is a nonprofit corporation incorporated under the laws of the State of Colorado.  Defendant employs more than 2,000 persons in the State of Oregon at facilities in Pendleton and Roseburg.  At the time of the filing of this action, Defendant authorized an agent to receive process in Marion County, State of Oregon.

**ANSWER:**

Defendant admits that it is a non-profit corporation incorporated under the laws of the State of Colorado.  Defendant denies that it employs people in the putative class. Defendant admits it has identified an agent to receive service of process in Marion County, Oregon. Defendant denies all different and remaining allegations in Paragraph 2.

3.      Plaintiff LaRae Ernst ("Ernst") is a resident of the State of Oregon.  At all material times herein, Defendant employed Ernst as an hourly paid, non-exempt employee.

**ANSWER:**

Defendant denies that it employed Plaintiff LaRae Ernst in Oregon as a non-exempt employee. Defendant is without sufficient information regarding Plaintiff's residency, and on that basis, denies the same. Except as admitted, the allegations in Paragraph 3 are denied.

4.      Plaintiff Jennifer Najera ("Najera") is a resident of the State of Oregon.  At all material times herein, Defendant employed Najera as an hourly paid, non-exempt employee.

**ANSWER:**

Defendant denies that it employed Plaintiff Jennifer Najera in Oregon as a non-exempt employee. Defendant is without sufficient information regarding Plaintiff's residency, and on that basis, denies the same. Except as admitted, the allegations in Paragraph 4 are denied.

5.      Plaintiff Amanda Smith ("Smith") is a resident of the State of Oregon.  At all material times herein, Defendant employed Smith as an hourly paid, non-exempt employee.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

**ANSWER:**

Defendant denies that it employed Plaintiff Amanda Smith in Oregon as a non-exempt employee. Defendant is without sufficient information regarding Plaintiff's residency, and on that basis, denies the same. Except as admitted, the allegations in Paragraph 5 are denied.

6.     Plaintiff Daniel Sokol ("Sokol") is a resident of the State of Oregon.  Defendant employed Sokol as an hourly paid, non-exempt employee during 2022 until his employment ended on November 24, 2022.

**ANSWER:**

Defendant denies that it employed Plaintiff Daniel Sokol in Oregon until November 24, 2022, as a non-exempt employee. Defendant is without sufficient information regarding Plaintiff's residency, and on that basis, denies the same. Except as admitted, the allegations in Paragraph 6 are denied.

## CLASS ALLEGATIONS

7.     Pursuant to ORCP 32, Plaintiffs seek to have this action maintained as a class comprised of all persons employed by Defendant in an hourly paid, non-exempt capacity at any time between October 2, 2022, and October 15, 2022 (the "Class").  Plaintiffs further propose subclasses of the following:

(a)     Current employees of Defendant whose employment with Defendant has been continuous since October 2, 2022 ("Employed Subclass"); and

(b)     Former employees of Defendant whose employment with Defendant ended on or after October 2, 2022 ("Terminated Subclass").

**ANSWER:**

Defendant admits that Plaintiffs purport to bring this lawsuit on behalf of the class described in Paragraph 7, but alleges that the putative class cannot be certified. Defendant specifically denies that class treatment is appropriate in this case and denies all remaining allegations in Paragraph 7 (including all subparts).

Page 4 – DEFENDANT COMMONSPIRIT HEALTH'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

8.    The Class consists of an estimated more than 2,000 persons.  Members of the class are so numerous that joinder of all of them is impracticable.

**ANSWER:**

Defendant denies that CommonSpirit Health currently employs individuals in Oregon. Defendant denies that class treatment is appropriate in this case, including without limitation that Plaintiffs and/or putative class members can meet the requirements of Rule 23. Defendant denies the remaining allegations in Paragraph 8 not specifically admitted.

9.    Plaintiffs are included within the scope of the Class as defined above, and each proposed subclass includes at least one of the Plaintiffs.  Plaintiffs' claims are typical of the claims of the Class and proposed subclasses.

**ANSWER:**

Paragraph 9 states legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations, including without limitation that Plaintiffs and/or putative class members can meet the requirements of Rule 23, including but not limited to, typicality. Defendant further denies that Plaintiffs and/or putative class members suffered any damages, or are due any relief whatsoever, under any theory.

10.    Plaintiffs' claims raise questions of law and fact common to the Class, including the lawfulness of Defendant's wage withholdings and the legal entitlement of the Class to the requested relief.

**ANSWER:**

Paragraph 10 states legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations, including without limitation that Plaintiffs and/or putative class members can meet the requirements of Rule 23, including but not limited to, typicality. Defendant further denies that Plaintiffs and/or putative class members suffered any damages, or are due any relief whatsoever, under any theory.

4883-8345-0205v.5 0117248-000005

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

11.     Plaintiffs will fairly and adequately protect the interests of the Class because there is no conflict of interest between Plaintiffs and the Class, and because Plaintiffs are represented by competent counsel who will vigorously pursue the claims on behalf of the Class.

**ANSWER:**

Paragraph 11 states legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations, including without limitation that Plaintiffs and/or putative class members can meet the requirements of Rule 23, including but not limited to, adequacy. Defendant further denies that Plaintiffs and/or putative class members suffered any damages, or are due any relief whatsoever, under any theory.

12.     For the fair and efficient adjudication of this controversy, a class action is superior to other available methods because:

(a)     This matter affects more than 2,000 employees of Defendant.  Given the large number of affected persons, it is probable that inconsistent or varying adjudications with respect to the members of the Class could establish incompatible standards of conduct for Defendant.

(b)     Questions of law and fact common to the Class predominate over individual questions.

(c)     All members of the Class have been treated the same by Defendant so as to make final relief appropriate with respect to the class as a whole.

(d)     It is desirable to concentrate litigation of these claims in a single forum. Marion County is the most easily accessible circuit court for the parties counsel and the many witnesses residing in Pendleton and Roseburg.

(e)     Plaintiffs know of no other means available to eliminate or significantly reduce the difficulty of managing this class action.  Plaintiffs believe that pursuit of these claims as a class action will be significantly more manageable than pursuing the claims through separate adjudications.

Page 6 – DEFENDANT COMMONSPIRIT HEALTH'S ANSWER TO FIRST AMENDED COMPLAINT

**ANSWER:**

Paragraph 12 (and its subparts) states legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations (and all subparts), including without limitation that Plaintiffs and/or putative class members can meet the requirements of Rule 23. Defendant further denies that Plaintiffs and/or putative class members suffered any damages, or are due any relief whatsoever, under any theory.

13.     More than 30 days prior to commencement of this action, Plaintiffs gave notice to Defendant of the causes of action and demanded that Defendant correct or rectify the alleged wrongs.  As of the filing of this action, Defendant has not made appropriate compensation, correction, and remedy.

**ANSWER:**

Paragraph 13 states legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations. Defendant further denies that Plaintiffs and/or putative class members suffered any damages, or are due any relief whatsoever, under any theory.

## FACTS COMMON TO ALL CLAIMS

14.     On or around October 2, 2022, through October 15, 2022, Defendant failed to accurately record employee work times due to an outage in its time and attendance system.

**ANSWER:**

Defendant admits that Mercy and St. Anthony employees are paid periodic wages, and there was an unforeseen IT attack that temporarily disrupted payroll functions in October 2022. Defendant denies the remaining allegations in Paragraph 14, including without limitation that any acts giving rise to liability occurred and/or that Defendant violated Oregon law. Except as specifically admitted, the allegations in Paragraph 14 are denied.

15.     On or around October 21, 2022, Defendant issued paychecks to hourly paid employees based on estimates of hours worked during the outage period rather than actual time

Page 7 – DEFENDANT COMMONSPIRIT HEALTH'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

worked.  Shortly after issuing the paychecks, Defendant informed employees that its estimates of hours worked were incorrect and that employees had been paid incorrectly.

**ANSWER:**

Defendant admits that Mercy and St. Anthony experienced an unforeseen IT attack that temporarily disrupted payroll functions in October 2022.  Defendant further admits Mercy and St. Anthony paid certain employees based on estimates, and then made adjustments to a small group of employees to correct the October payroll (that was impacted by the October 2022 IT attack). Defendant further admits that Mercy and St. Anthony communicated with employees regarding the disruption to its payroll systems, and informed impacted employees that corrections would need to be made to reflect their actual hours worked, rather than the estimated hours.  Defendant denies the remaining allegations, including without limitation that any acts giving rise to liability occurred and/or that Defendant violated Oregon law. Except as specifically admitted, the allegations in Paragraph 15 are denied.

16.    On or around November 4, 2022, Defendant's paychecks to hourly paid employees substantially undercounted hours worked, resulting in widespread reductions from the earned wages of Plaintiffs and members of the Class.

**ANSWER:**

Defendant admits that there was an unforeseen IT attack that temporarily disrupted payroll functions in October 2022.  Defendant further admits Mercy and St. Anthony paid certain employees based on estimates, and then made adjustments to a small group of employees to correct the October payroll (that was impacted by the October 2022 IT attack) in November 2022. Defendant denies the remaining allegations, including without limitation that any acts giving rise to liability occurred and/or that Defendant violated Oregon law. Except as specifically admitted, the allegations in Paragraph 16 are denied.

17.    On or around November 7, 2022, Defendant issued off-cycle payments to Plaintiffs and members of the Class to compensate for undercounted work hours from the prior

Page 8 – DEFENDANT COMMONSPIRIT HEALTH'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

pay period. Defendant's off-cycle payments counted only the employee's regular hourly wage rate and did not include premium, differential, and other types of additional pay.

**ANSWER:**

Defendant admits that there was an unforeseen IT attack that temporarily disrupted payroll functions in October 2022. Defendant further admits that Mercy and St. Anthony paid certain employees based on estimates, and then made adjustments to a small group of employees to correct the October payroll (that was impacted by the October 2022 IT attack) in November 2022. Defendant denies the remaining allegations, including without limitation that any acts giving rise to liability occurred and/or that Defendant violated Oregon law. Except as specifically admitted, the allegations in Paragraph 17 are denied.

18.    On or around November 18, 2022, Defendant deducted from the earned wages of Plaintiffs and members of the Class to compensate itself for purported overpayments during the outage period. The amount of each deduction varied based on Defendant's unverified estimate of each purported overpayment. For example:

    (a)    Defendant deducted $792.62 from Ernst's wages;

    (b)    Defendant deducted $1,608.62 from Najera's wages;

    (c)    Defendant deducted $134.86 from Smith's wages; and

    (d)    Defendant deducted $287.55 from Sokol's wages.

**ANSWER:**

Defendant admits that there was an unforeseen IT attack that temporarily disrupted payroll functions in October 2022. Defendant further admits Mercy and St. Anthony paid certain employees based on estimates, and then made adjustments to a small group of employees to correct the October payroll (that was impacted by the October 2022 IT attack) in November 2022. Defendant admits that on November 18, 2022, $792.62 was deducted from Ernst's wages; $1,608.62 was deducted from Najera's wages; $134.86 was deducted from Smith's wages; and $287.55 was deducted from Sokol's wages. Except as specifically admitted, the allegations in

Page 9 – DEFENDANT COMMONSPIRIT HEALTH'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

Paragraph 18 are denied (including all subparts).

19.     On or around November 21, 2022, Defendant again issued off-cycle payments to compensate Plaintiffs and members of the Class for wage deductions from the prior pay period. The off-cycle payments did not remedy erroneous tax withholdings.

**ANSWER:**

Defendant denies the allegations in Paragraph 19.

20.     In the months following the outage period, Defendant incorrectly modified the PTO accrual and leave banks of Plaintiffs and members of the Class.

**ANSWER:**

Defendant denies the allegations in Paragraph 20.

21.     As of the filing of this action, Plaintiffs and members of the Class have not been paid all earned wages and there continue to be errors in the totals of accrued PTO and other leave.

**ANSWER:**

Defendant denies the allegations in Paragraph 21.

22.     As of the filing of this action, Defendant still does not have an accurate record of actual hours worked by Plaintiffs and members of the Class for each week and each pay period during the outage period.

**ANSWER:**

Defendant denies the allegations in Paragraph 22.

23.     Defendant has also failed to provide Plaintiffs and members of the Class with pay statements sufficiently itemizing the amount and purpose of each wage deduction since the outage period.

**ANSWER:**

Defendant denies the allegations in Paragraph 23.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

4883-8345-0205v.5 0117248-000005

24.     Despite its repeated and blatant violations of Oregon wage laws, Defendant continues to assert that it will deduct from the wages of its employees to recoup purported overpayments.  Defendant's conduct has caused significant disruption, annoyance, and hardship for Plaintiffs and members of the Class, all of which will be exacerbated as tax filings become due.

**ANSWER:**

Defendant denies that it has violated Oregon law and denies the allegations in Paragraph 24.

## FIRST CLAIM FOR RELIEF

### (Equitable Accounting of Wages)

25.     Plaintiffs reallege and incorporate paragraphs 1 through 24 as if alleged herein.

**ANSWER:**

Defendant repeats, realleges, and hereby incorporates by reference each and every answer in the preceding paragraphs 1 through 24.

26.     Defendant owes a duty to Plaintiffs and members of the Class to accurately pay wages and to accurately and timely distribute any funds withheld from their wages.

**ANSWER:**

Paragraph 26 states legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations. Defendant further denies that Plaintiffs and/or putative class members suffered any damages, or are due any relief whatsoever, under any theory.

27.     Defendant's duty is one of a fiduciary and is based on a relationship of trust that Defendant will comply with its obligations in distributing the earned wages of its employees.

**ANSWER:**

Paragraph 27 states legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations. Defendant further denies that

4883-8345-0205v.5 0117248-000005
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

Plaintiffs and/or putative class members suffered any damages, or are due any relief whatsoever, under any theory.

28.    Since the outage of its time and attendance system, Defendant has been unable to accurately account for wages paid to members of the Class and funds withheld.

**ANSWER:**

Defendant denies the allegations in Paragraph 28.

29.    Plaintiffs and members of the Class are entitled to an order from the Court requiring Defendant to render an accounting showing in detail:

   (a)    The wages owed to members of the Class since October 1, 2022;

   (b)    The wages paid to members of the Class since October 1, 2022;

   (c)    The amounts and purposes of any deduction or withholding of wages owed to members of the Class since October 1, 2022; and

   (d)    The date, amount, and recipient of any funds distributed from any deduction or withholding of wages owed to members of the Class since October 1, 2022.

**ANSWER:**

Paragraph 29 states legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations (including all subparts) in Paragraph 29. Defendant further denies that Plaintiffs and/or putative class members are due any relief whatsoever, under any theory.

**SECOND CLAIM FOR RELIEF**

**(Failure to Pay All Wages at Regular Paydays—ORS 652.120)**

30.    Plaintiffs reallege and incorporate paragraphs 1 through 24 [sic] as if alleged herein.

**ANSWER:**

Defendant repeats, realleges, and hereby incorporates by reference each and every answer in the preceding paragraphs 1 through 29.

Page 12 – DEFENDANT COMMONSPIRIT HEALTH'S ANSWER TO FIRST AMENDED COMPLAINT

31.     Pursuant to ORS 652.120, Defendant must pay all earned wages to Plaintiffs and members of the Class at each regular payday.

**ANSWER:**

This paragraph states legal conclusions and/or cites legal authority, to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations in Paragraph 31.

32.     Defendant has not paid Plaintiffs and members of the Class all earned wages at each regular payday.  Discrepancies in pay have occurred over multiple pay periods since October 1, 2022, and Plaintiffs and members of the Class reasonably expect Defendant to continue to not pay all wages owed on future regular paydays.

**ANSWER:**

Defendant denies the allegations in Paragraph 32.

33.     Pursuant to ORS 652.120, Ernst, Najera, Smith, and members of the Employed Subclass are entitled to equitable relief to ensure that Defendant will comply with its statutory obligation to pay its employees all wages due and owing to them at each regular payday.

**ANSWER:**

This paragraph states legal conclusions and/or cites legal authority, to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations in Paragraph 33.

34.     Pursuant to ORS 652.120, Plaintiffs and members of the Class are entitled to recover all unpaid wages.

**ANSWER:**

This paragraph states legal conclusions and/or cites legal authority, to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations in Paragraph 34.

4883-8345-0205v.5 0117248-000005
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

35.     Pursuant to ORS 652.200(2), Plaintiffs and members of the Class are entitled to recover reasonable attorney fees incurred in filing this class action and litigating the claims and issues alleged herein.

**ANSWER:**

This paragraph states legal conclusions and/or cites legal authority, to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations in Paragraph 35.

### THIRD CLAIM FOR RELIEF

### (Failure to Pay All Wages at Termination—ORS 652.140 & ORS 652.150)

36.     Plaintiffs reallege and incorporate paragraphs 1 through 24 [sic] as if alleged herein.

**ANSWER:**

Defendant repeats, realleges, and hereby incorporates by reference each and every answer in the preceding paragraphs 1 through 35.

37.     Defendant did not timely pay Sokol and members of the Terminated Subclass all wages due and owing to them at the termination of their employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 37.

38.     Sokol gave written notice of nonpayment to Defendant after his employment with Defendant ended.

**ANSWER:**

Defendant denies the allegations in Paragraph 38.

39.     Pursuant to ORS 652.140, Sokol and members of the Terminated Subclass are entitled to recover all unpaid wages.

**ANSWER:**

This paragraph states legal conclusions and/or cites legal authority, to which responsive

4883-8345-0205v.5 0117248-000005                    DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

pleading is not required. To the extent a response is necessary, Defendant denies the allegations in

Paragraph 39.

40.    Pursuant to ORS 652.150, Sokol and members of the Terminated Subclass are

entitled to recover late payment penalty wages.

**ANSWER:**

This paragraph states legal conclusions and/or cites legal authority, to which responsive

pleading is not required. To the extent a response is necessary, Defendant denies the allegations in

Paragraph 40.

41.    Pursuant to ORS 652.200(2), Sokol and members of the Terminated Subclass are

entitled to recover reasonable attorney fees incurred in filing this class action and litigating the

claims and issues alleged herein.

**ANSWER:**

This paragraph states legal conclusions and/or cites legal authority, to which responsive

pleading is not required. To the extent a response is necessary, Defendant denies the allegations in

Paragraph 41.

## FOURTH CLAIM FOR RELIEF

### (Withholding Wages Without Authorization—ORS 652.610 & ORS 652.615)

42.    Plaintiffs reallege and incorporate paragraphs 1 through 24 [sic] as if alleged

herein.

**ANSWER:**

Defendant repeats, realleges, and hereby incorporates by reference each and every answer

in the preceding paragraphs 1 through 41.

43.    Pursuant to ORS 652.610, Defendant must not withhold, deduct, or divert the

wages of its employees unless specific enumerated requirements are satisfied.

**ANSWER:**

This paragraph states legal conclusions and/or cites legal authority, to which responsive

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

pleading is not required. To the extent a response is necessary, Defendant denies the allegations in Paragraph 43.

44.    Defendant impermissibly withheld, deducted, or diverted wages owed to Plaintiffs and members of the Class.  Defendant earned interest on and retained for its own benefit the funds withheld, deducted, or diverted from the wages owed to Plaintiffs and members of the Class.  Further, Defendant has failed to provide itemized statements that sufficiently identify amounts paid and deducted, and the reasons for any deductions.

**ANSWER:**

This paragraph states legal conclusions and/or cites legal authority, to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations in Paragraph 44.

45.    Pursuant to ORS 652.610, Ernst, Najera, Smith, and members of the Employed Subclass are entitled to equitable relief to ensure that Defendant will comply with its statutory obligation to pay wages in full unless authorized by ORS 652.610 and to provide sufficiently itemized statements of deductions.

**ANSWER:**

This paragraph states legal conclusions and/or cites legal authority, to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations in Paragraph 45.

46.    Pursuant to ORS 652.615, Plaintiffs and members of the Class are entitled to recover actual damages or a statutory penalty of $200, whichever is greater, for each paycheck that contained an impermissible withholding, deduction, or diversion from wages.

**ANSWER:**

This paragraph states legal conclusions and/or cites legal authority, to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations in Paragraph 46.

Page 16 – DEFENDANT COMMONSPIRIT HEALTH'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

47.    Pursuant to ORS 652.615, Plaintiffs and members of the Class are entitled to recover reasonable attorney fees incurred in filing this class action and litigating the claims and issues alleged herein.

**ANSWER:**

This paragraph states legal conclusions and/or cites legal authority, to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations in Paragraph 47.

## RESERVATION TO AMEND

48.    Plaintiffs reserve the right to amend this complaint at and before trial to conform to available evidence, including but not limited to the definition of the Class or subclasses and the amounts alleged as damages, late payment penalty wages, and statutory penalties.

**ANSWER:**

The allegations in Paragraph 48 constitute a reservation of rights to amend to which responsive pleading is not required. To the extent any answer is required, Defendant denies that Plaintiffs and/or proposed class members suffered any damages or are due any relief whatsoever, under any theory.

## REQUEST FOR JURY TRIAL

49.    Plaintiffs request a jury trial on all triable claims and issues alleged herein.

**ANSWER:**

The allegations in Paragraph 49 constitute a request for a jury trial to which responsive pleading is not required. To the extent any answer is required, Defendant denies that Plaintiffs and/or proposed class members suffered any damages or are due any relief whatsoever, under any theory.

## PRAYER

50.    WHEREFORE, Plaintiffs pray for relief and judgement against Defendant as follows:

Page 17 – DEFENDANT COMMONSPIRIT HEALTH'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

(a)    Pursuant to ORCP 32, an order certifying this matter as a class action with Plaintiffs as class representatives and Plaintiffs' counsel as class counsel;

(b)    A finding that Defendant has violated ORS 652.120, ORS 652.140, and ORS 652.610;

(c)    An order requiring Defendant to conduct an accounting of wages, deductions, and distributions;

(d)    An order requiring Defendant to comply with ORS 652.120 by paying its employees all wages due and owing to them at each regular payday;

(e)    An order requiring Defendant to comply with ORS 652.610 by ceasing impermissible deductions and providing sufficiently itemized statements of deductions;

(f)    Pursuant to ORS 652.120 and ORS 652.140, an award of unpaid wages to Plaintiffs and members of the Class in the sum of $200,000;

(g)    Pursuant to ORS 652.150, an award of late payment penalty wages to Plaintiff Sokol and members of the Terminated Subclass in the sum of $500,000;

(h)    Pursuant to ORS 652.615, an award of actual damages and/or statutory penalties to Plaintiffs and members of the Class in the sum of $800,000;

(i)    Pursuant to ORS 652.200 and ORS 652.615, an award of reasonable attorney fees, costs, and disbursements;

(j)    Pursuant to ORS 82.010, an award of interest at nine percent per annum on all amounts due, accruing from the date they became due; and

(k)    All other relief in favor of Plaintiffs that this Court deems just and equitable.

## **ANSWER:**

The remaining allegations in Plaintiffs' First Amended Complaint constitute a prayer for relief to which responsive pleading is not required. To the extent any answer is required, Defendant denies that Plaintiffs and/or proposed class members suffered any damages or are due any relief

Page 18 – DEFENDANT COMMONSPIRIT HEALTH'S ANSWER TO FIRST AMENDED COMPLAINT

whatsoever, under any theory.

## II.    AFFIRMATIVE DEFENSES

Below are Defendant's affirmative defenses. By setting forth these affirmative defenses, Defendant does not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Plaintiffs. Defendant reserves the right to amend or supplement their affirmative defenses.

1.    Plaintiffs and putative class members fail to state a claim upon which relief may be granted;

2.    Plaintiffs lack standing to assert their claims, to represent the purported class members, and to seek some or all of the relief sought;

3.    Plaintiffs and putative class members sustained no cognizable injury or damages;

4.    Plaintiffs' claims, and those of putative class members, are barred, in whole or in part, by the doctrines of waiver, laches, ratification, consent, acquiescence, unclean hands, accord and satisfaction, payment, settlement, and/or estoppel;

5.    Plaintiffs and putative class members fail to allege facts supporting putative, exemplary, or liquidated damages (including but not limited to alleged willfulness);

6.    Any act or omission alleged to have given rise to Plaintiffs' complaint in this action was in good faith based on a reasonable belief that Defendant was in compliance with all applicable wage and hour requirements;

7.    Some or all of Plaintiffs' claims, and those of putative class members, are de minimis;

8.    Plaintiffs' claims fail to meet the criteria for certifying this case to be tried as a class action under Rule 23;

9.    Plaintiffs' claims are neither common to nor typical of those of, if any, members of the proposed class;

10.    Plaintiffs are inadequate representatives of the proposed class;

Page 19 – DEFENDANT COMMONSPIRIT HEALTH'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

11.     Plaintiffs' interests are in conflict with the interests of, if any, members of the proposed class;

12.     Plaintiffs cannot show class treatment of the alleged claims is superior to other methods of adjudicating the controversy;

13.     Plaintiffs' claims, and those of putative class members, are barred, in whole or in part, on the basis that Defendant acted in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States or Oregon state agencies;

14.     Plaintiffs' claims, and those of putative class members, are barred, in whole or in part, by setoff;

15.     Plaintiffs and putative class members are precluded from recovering any amounts because all sums legally due have been paid;

16.     Plaintiffs' claims, and those of putative class members, are barred because any recovery would result in unjust enrichment;

17.     Plaintiffs' claims, and those of putative class members, in whole or in part are preempted by a binding collective bargaining agreement and/or Section 301 of the Labor Management Relations Act ("LMRA"). Without limitation, terms and conditions of Plaintiffs' and/or the proposed class members' employment (including but not limited to wages, rate of pay, overtime, hours of work, and other items) are governed by a collective bargaining agreements ("CBAs");

18.     Any alleged deductions from Plaintiffs' wages were not unlawful because the employer was required or empowered to make the alleged deductions by state, local, or federal law, and/or the deduction was authorized for a lawful purpose accruing to the benefit of Plaintiffs, or for other lawful purposes;

19.     Plaintiffs and putative class members, either individually or through their respective union representation, have failed to timely file a union grievance and/or exhaust their

Page 20 – DEFENDANT COMMONSPIRIT HEALTH'S ANSWER TO FIRST AMENDED COMPLAINT

claims;

20.      Plaintiffs failed to comply with the requirements for class actions set forth in Oregon Rule of Civil Procedure 32(H);

21.      Plaintiffs and putative class members have failed to mitigate damages, if any, and to protect themselves from avoidable consequences; and

22.      Defendant reserves the right to amend its answer to state additional affirmative and other defenses, to delete or withdraw defenses, and to add such counterclaims as may become necessary after reasonable opportunity for discovery.

### III.     PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

A.      Plaintiffs' First Amended Complaint be dismissed with prejudice and plaintiffs recover nothing from this action;

B.      Defendant be awarded its reasonable costs incurred in defending against Plaintiffs' First Amended Complaint; and

C.      For such further relief as provided by the Court.

DATED this 27th day of April, 2023.

**DAVIS WRIGHT TREMAINE** LLP

By  s/ *Sarah Ames Benedict*
      Sarah Ames Benedict, OSB #132675
      sarahbenedict@dwt.com
      Paula L. Lehmann (*pro hac vice*)
      paulalehmann@dwt.com
      Kathryn S. Rosen (*pro hac vice*)
      katierosen@dwt.com
      Devin Smith (*pro hac vice pending*)
      devinsmith@dwt.com
      1300 SW Fifth Avenue, Suite 2400
      Portland, OR 97201
      Telephone: (503) 241-2300

      Attorneys for Defendant CommonSpirit Health

4883-8345-0205v.5 0117248-000005

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax