UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LARAE ERNST; JENNIFER NAJERA; AMANDA SMITH; and DANIEL SOKOL,<br><br>Plaintiffs,<br><br>vs.<br><br>COMMONSPIRIT HEALTH,<br><br>Defendant. | Case No. 6:23-cv-00580-MK<br>**FINDINGS AND RECOMMENDATION RE: PLAINTIFFS' MOTION TO REMAND AND FOR AN AWARD OF EXPENSES** |

**KASUBHAI,** United States Magistrate Judge:

Plaintiffs brought a class action in Marion County Circuit Court, Case No. 23CV07751, against Defendant CommonSpirit Health, alleging violations of Oregon's Labor and

Page 1 — FINDINGS AND RECOMMENDATION

Employment laws and a claim for accounting of wages.[1] *See* Notice of Removal, Ex. A, ECF No. 1-1 ("Pls.' Am. Compl."). Defendant timely removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a), and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Notice of Removal 3–4, ECF No. 1. Before the Court is Plaintiffs' Motion to Remand and An Award of Expenses. *See* Pls.' Mot. to Remand, ECF No. 14 (Pls.' Mot."). Plaintiffs contend that Defendant has failed to meet its burden of showing by a preponderance of the evidence that the amount in controversy requirements under § 1332 are met. *Id.* at 2. For the reasons set forth below, Plaintiffs' Motion to Remand and An Award of Expenses should be GRANTED. The Court finds the record is sufficiently developed and therefore, oral argument is not necessary to resolve Plaintiffs' motion.

## BACKGROUND

Plaintiffs allege in their amended complaint that in October 2022, the time and attendance system of their employer, Defendant CommonSpirit Health, experienced an outage. Pls.' Am. Compl. 13. Because of this, Defendant allegedly failed to accurately record the employee work times of Plaintiffs for an approximately two-week period, resulting in improper payments. *Id.* at 17. Plaintiffs allege that Defendant then incorrectly issued payments based on its estimates of worked hours, which it later tried to correct with a series of off-cycle supplements and deductions of payments to employees. *Id.* at 17–18. Defendant also allegedly failed to correct mistakes relating to employee tax withholdings and benefit accruals. *Id.* Plaintiffs' state court action seeks certification of a class consisting of an estimated 2,000 persons who were employed by Defendant on an hourly-rate, non-exempt capacity during the alleged outage. *Id.* at 15.

---

[1] Specifically, Plaintiffs claims are for an equitable accounting of wages; failure to pay all wages at regular paydays in violation of Or. Rev. Stat. § 652.120; failure to pay all wages at termination in violation of Or. Rev. Stat. §§ 652.140 and 652.150; and withholding wages without authorization in violation of Or. Rev. Stat. §§ 652.610 and 652.615. Pls.' Am. Compl. 19–21.

Page 2 — FINDINGS AND RECOMMENDATION

Represented by Plaintiff Daniel Sokol ("Sokol"), Plaintiffs' state court action also seeks certification of a subclass of former employees whose employment with Defendant ended after the alleged outage ("Terminated Subclass"). *Id.* Plaintiffs' amended complaint in state court alleges penalties and damages totaling $1,500,000. *Id.* at 23–24. In addition to an award of reasonable attorneys' fees, costs, and disbursements, Plaintiffs also request the state court to order Defendant to conduct an equitable accounting of each class member's wages, deductions, and disbursements from the time of the alleged outage in October of 2022 to the initiation of the state court legal action in February of 2023. *Id*; Pls.' Mot. 7. After Defendant timely removed the action to this Court, Plaintiffs filed the instant Motion to Remand and An Award of Expenses on May 19, 2023. *See* Pls.' Mot.

## STANDARD OF REVIEW

A defendant may remove any civil action from state court to federal district court if the district court has "original jurisdiction" over the matter. 28 U.S.C. § 1441(a). When the defendant removes the case to district court under traditional diversity, the court has original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Alternatively, when the defendant removes a class action to district court under CAFA, the matter in controversy in the aggregate must exceed the sum or value of $5,000,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (internal quotations and alterations removed), *see* 28 U.S.C. § 1332(d).

"[W]hen a defendant's assertion of the amount in controversy is challenged[,] . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. *Dart Cherokee Basin Operating Co.,*

*LLC*, 574 U.S. at 88. For example, "[t]he parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quotations removed). The defendant then "bears the burden to show that its estimated amount in controversy relie[s] on reasonable assumptions." *Id.* at 1199. For jurisdiction under both traditional diversity and CAFA, if a statute provides for the recovery of attorneys' fees, then the calculation of the amount in controversy includes prospective attorneys' fees. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

## DISCUSSION

The parties dispute whether the amount in controversy alleged in Plaintiffs' complaint exceeds the jurisdictional amount under either traditional diversity or CAFA. Because the Court finds that the amount in controversy requirements are not satisfied, the Court need not decide whether the other requirements under traditional diversity or CAFA are met.

### A. Jurisdiction Under Traditional Diversity – 28 U.S.C. § 1332(a)

Defendant has not met its burden of showing that it relies on reasonable assumptions in estimating that the amount in controversy exceeds $75,000. First, Defendant argues that Plaintiffs' demand for "an award of late payment penalty wages to Plaintiff Sokol and members of the Terminated Subclass in the sum of $500,000" proves that the amount in controversy exceeds $75,000. Sur-reply *ISO* ("In Support Of") Def.'s Opp. To Remand 3, ECF No. 29 ("Def.'s Sur-reply"), quoting Pls.' Am. Compl. 24.

"[S]eparate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement [of § 1332(a)]." *Snyder v. Harris*, 394 U.S. 332,

335 (1969). That is, the claims of each named plaintiff in a class action brought to federal court under § 1332(a) must meet the amount in controversy requirement. *Id.* Plaintiffs' action alleges an estimated class of more than 2,000 persons but does not specify the number of members in the alleged terminated subclass. Pls.' Am. Compl. 15. Because the demand for the terminated subclass is for $500,000, to reasonably assume that each terminated subclass member has put more than $75,000 at stake, the terminated subclass would need to be less than seven people ($500,000/7 = $71,428.57). Because Defendant has provided no evidence on the size of the terminated subclass, the demand for $500,000 for Plaintiff Sokol's *and* the terminated subclass' claims cannot reasonably be relied on to determine whether more than $75,000 is in controversy for Plaintiff Sokol's claims alone.

Alternatively, Defendant argues that an analysis of the individualized damages for Plaintiff Sokol exceeds the $75,000 minimum. Def.'s Sur-reply 3. The parties do not dispute that Plaintiff Sokol's alleged unpaid wages and associated penalties approximate $10,300. Def.'s Resp. in Opp. to Pls.' Mot. to Remand 6, ECF No. 17; Pls.' Reply to Mot. to Remand 5, ECF No. 21. However, they contest the likely amount of attorneys' fees at stake for Plaintiff Sokol, were he to bring his claim as an individual. Defendant argues that, were Plaintiff Sokol to bring his claims as an individual, he would accrue an estimated $65,625 in attorneys' fees, putting him over the $75,000 threshold.[2] Def.'s Sur-reply 4–5. Plaintiffs reply that, were this a single plaintiff claim, the amount of potential attorneys' fees would not exceed $35,000. Pls.' Reply to Mot. to Remand 5–6.

---

[2] Defendant's estimate also includes interest on damages and the cost of an equitable accounting of Plaintiff Sokol's allegedly unpaid wages ($3,400). Def.'s Sur-reply 4–5. However, 28 U.S.C. § 1332(a) expressly excludes interest from the amount in controversy calculation. Also, because the dispositive figure is the cost of attorneys' fees, the Court declines to rule on Defendant's estimated cost of an equitable accounting of Plaintiff Sokol individually.

Page 5 — FINDINGS AND RECOMMENDATION

Defendant estimates that Plaintiffs' counsel will bill 25 hours briefing this motion to remand, 80 hours litigating Plaintiff Sokol's claims, "and another 70 hours for the additional anticipated discovery based on the Sokol demand letter and first written discovery requests in this case (175 hours X $375 = $65,625)."[3] Def.'s Sur-reply 8. Defendant has not proved that its estimate of $65,000 in attorneys' fees is based on reasonable assumptions. Plaintiff Sokol's demand letter describes his anticipated scope of discovery:

> Pursuant to ORS 652.750, Sokol requests that you provide a certified copy of his personnel records to this office within 45 days of your receipt of this letter. This request includes all records pertaining to his employment, including but not limited to documents describing the terms of his employment and payroll documents showing his compensation. If any part of Sokol's personnel records is not provided, please identify each record withheld and state the statutory exemption that allows you to withhold the particular record. . . .
>
> Please take immediate steps to preserve documents, electronically stored information, or other materials that may be relevant to Sokol's legal claims described above. *The scope of potential evidence in this matter greatly exceeds the documents in Sokol's personnel records.* For example, CommonSpirit *employees and agents* who had a role in calculating deductions due to the Kronos outage should be instructed to not delete or discard potential evidence in this matter.

Decl. of Smith, Ex. A ("Pl. Sokol Demand Letter"), ECF No. 18-1 (emphasis added). Defendant quotes the demand letter out of context and out of order to assert that "Sokol himself admits that the scope of discovery may 'greatly exceed' a typical case, including 'potential evidence' held by a large number of 'employees and agents'". Def.'s Sur-reply 7, *quoting* Pl. Sokol Demand Letter. However, the demand letter contains no comparisons to other cases. This

---

[3] "Litigation expenses, staff salaries, and other overhead are a cost of doing business reflected in my hourly rate of $375." Supp. Decl. of Myers 4, ECF No. 2, quoting *Torres et a. v. Uptown Properties LLC*, Case No. 22CV44209 (Or. Cir. Ct.) (May 25, 2023) (Plaintiffs' counsel fee request in tort matter).

Page 6 — FINDINGS AND RECOMMENDATION

mischaracterization of the demand letter, as one example, undermines the persuasiveness of Defendant's evidence and arguments.

In contrast, Plaintiffs' evidence regarding the amount in controversy is compelling and persuasive. Plaintiffs' counsel has experience litigating wage claims of this nature to final judgement. Decl. of Myers 1–2, ECF No. 22. The most that Plaintiffs' counsel has sought in attorneys' fees for an individual wage claim is approximately $35,000, and the court in that case awarded approximately $31,000. *Id.* Because Defendant has not shown that its estimation of the amount in controversy exceeding $75,000 is based on reasonable assumptions, Defendant has not carried its burden of proof on the amount in controversy. The Court finds that it lacks federal jurisdiction under traditional diversity.

### B. Jurisdiction Under the Class Action Fairness Act ("CAFA") – 28 U.S.C. § 1332(d)

Under CAFA, the aggregate amount in controversy must exceed $5,000,000. Plaintiffs allege $1,500,000 in unpaid wages, late payment penalty wages, and actual and/or statutory damages for a proposed class of at least 2,000 members ("the Class"). Pls.' Am. Compl. 13–15. Plaintiffs' amended complaint also requests an award of reasonable attorneys' fees and an equitable accounting. *Id.* at 19–20, 23–24. These requests are included in calculating the amount in controversy. *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017) (cost to the defendant if the requested relief is granted can be included in estimating the amount in controversy); *Arias*, 936 F.3d at 922 (amount in controversy includes prospective attorneys' fees when statute provides that relief). Thus, the Court must assess the reasonableness of the assumptions relied on by Defendant in estimating the cost of prospective attorneys fees and the requested equitable accounting.

In exceeding the $5,000,000 threshold, Defendant estimates that, in addition to the $1,500,000 alleged in the complaint, Plaintiffs' attorneys' fees could total at least $375,000 and that the equitable accounting will cost at least $3,300,000. Def.'s Notice of Removal 7–8. Assuming, *arguendo*, that Defendant's estimate of attorneys' fees is accurate, the Court is not persuaded that Defendant's estimate for the cost of an accounting is reasonable. Defendant fails to carry its burden of proof.

Plaintiffs' equitable accounting requires Defendant to render in detail for all Class members the following: the wages owed; the wages paid; the amounts and purposes of any deduction or withholding of wages owed; and the date, amount, and recipient of any funds distributed from any deduction or withholding of wages owed. Pls.' Am. Compl. 19–20. It covers a period of five months, from the alleged date of outage on or around October 1, 2022, to the initiation of this legal action on February 17, 2023. Pls.' Mot. 7. The declaration of Diana Watson, Defendant's System Director of Payroll, was submitted as evidence of its $3,300,000 estimate. Watson Decl. *ISO* Notice of Removal, ECF No. 2. Watson testified that the scope and size of the equitable accounting requested by Plaintiffs would require Defendant to hire outside vendors. *Id.* at 2. The primary basis for Watson's estimate appears to be that an outside vendor in a similar case charged $200 an hour. *Id.* However, Defendant provides no evidence for comparison of its estimate here with the cost of the accounting in the other case.[4] *See id.* at 2–3.

---

[4] The thrust of Defendant's evidence is Watson's testimony that:

> CommonSpirit Health estimates that the equitable accounting, and the costs for the outside consultants necessary to calculate, verify, trace, and report out the extensive payroll information for over 2000 [sic] Oregon employees, will cost at least $3,300,000. In a recent case in Washington State where there were similar systemic timekeeping disruptions that required corrections for a large number of employees, [Defendant] engaged a vendor . . . at a cost of $200/hour to assist with payroll issues. Given the size of the proposed class in this case, the complexity of the information requested in the equitable accounting, I anticipate significant amounts of vendor time for each class member will be needed to

Page 8 — FINDINGS AND RECOMMENDATION

Without being able to compare the duration of the systemic timekeeping disruption, the number of hours billed by the outside vendor, or the total cost of the accounting in the other case, the basis of Watson's estimate is speculative as applied to this case. Watson provides little explanation for how she gets from $200 an hour to $3,300,000. Defendant also argues that its evidence of publicly available data showing the high cost to other companies subjected to security breach incidents further supports its estimate here. Def.'s Sur-reply 13–14; *see* D. Smith Decl., Ex. E, ECF No. 18-1. However, as Defendant acknowledges, the cost breakdown in these other security breach incidents is not specific to accounting or payroll-related costs and the Court finds this evidence unpersuasive as well.

In contrast, Plaintiffs' evidence for the cost of the equitable accounting is itemized and detailed. *See* Breshears Decl. *ISO* Pls.' Reply, ECF No. 23. Plaintiffs' expert is a certified public accountant who specializes in forensic and financial consulting, including wage and hour-related disputes. *Id.* at 2. Plaintiffs' expert estimates the accounting will cost between $184,500 and $271,500. *Id.* at 2–3. His testimony walks through more than a dozen steps that would need to be taken, provides an estimated cost range for each of those steps, acknowledges a 5–10% margin of error, and estimates an average hourly cost of $400 for an outside firm to conduct the accounting. *Id.* at 4–7. Because the parties have not conducted discovery, Defendant correctly points out that Plaintiffs' expert's estimate is not based on the review of Defendant's internal payroll systems. Def.'s Sur-reply 13. However, Plaintiff's expert has extensive experience with matters involving wage and hour related disputes, and Defendant offers no evidence or

---

complete the proposed accounting and provide the individualized reports required by Plaintiffs' demand.

Watson Decl. at 2–3.

Page 9 — FINDINGS AND RECOMMENDATION

explanation for how or why its payroll system is idiosyncratic. Moreover, Plaintiffs' expert's estimate is not speculative. In deriving his estimate, he reviewed:

> (a) the First Amended Class Action Complaint, (b) the Declaration of Diana Watson in Support of Notice of Removal (filed April 19, 2023), (c) a FAQ document titled "Important Information About Your Oct. 21, 2022 Paycheck, Kronos Restoration and Reconciliation of Hours in Kronos", (d) a Wage Overpayment Recoupment Notice for named Plaintiff Najera (dated November 18, 2022), and (e) an email to named Plaintiff Najera re: "Respond by Dec. 26 regarding overpayment" (dated December 20, 2022).

Breshears Decl. *ISO* Pls.' Reply at 3. The Court is persuaded that Plaintiffs' estimate is reasonable and compelling. Without the $3,300,000 cost of an equitable accounting, Defendant's estimate of the amount in controversy falls far below the $5,000,000 threshold. Accordingly, Defendant has not met its burden in showing that the Court has federal jurisdiction under CAFA.

### C. Plaintiff's Motion For An Award of Expenses

Plaintiffs request an award of fees and costs incurred in connection with removal of this action. Pls.' Mot. 9. "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The matter is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand." *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992) (citation omitted). The Supreme Court has held that:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). Courts may award attorney's fees under § 1447(c) when the removing party lacked an objectively reasonable basis for seeking removal. *Id.* at 141.

For the reasons discussed above, the Court concludes that Defendant's removal was not based on reasonable assumptions, and therefore, Defendant also lacked an objectively reasonable basis to seek removal of this matter from state court to federal court. Accordingly, Plaintiffs' request to recover costs and attorneys' fees associated with the filing of the Motion to Remand should be GRANTED.

## RECOMMENDATION

For these reasons, Plaintiffs' Motion to Remand (ECF No. 14) this matter to Marion County Circuit Court, State of Oregon, should be GRANTED. The Court should DIRECT Plaintiffs to file a motion for costs and attorneys' fees.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72. Failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 2nd day of November 2023.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge